### BUCKET PUMP CO. v. EAGLE IRON & STEEL CO.

1. SERVICE ON AGENT OF CORPORATION.

    In order to render service of summons, under sec. 5044, Rev. Stat., upon the agent of a corporation valid, it must be made to appear that no chief officer of the corporation *could* be *found in the county* and that the service was upon the *managing* agent of the corporation. A return to the effect that the writ was served upon G, " *agent* of said company, no chief officer *being found*, " is not sufficient.

2. TERM " MANAGING AGENT."

    A letter from a corporation designating a certain person as " our Cincinnati agent," without evidence showing that such person had control or supervision over the affairs of the corporation or any portion thereof, is not sufficient to bring such person within the term " managing agent " as used in sec. 5044, Rev. Stat., above referred to.

HEARD ON ERROR.

*C. W. Baker* and *Willard B. Stier*, for plaintiff in error.

*D. D. Woodmansee*, contra.

GIFFEN, J.

The only question in this case for determination is whether the defendant corporation was properly served with summons in this county. The return is as follows :

" Served the within named defendant. The Eagle Iron & Steel Company, a corporation, by delivering a true copy of this writ, with all the endorsements thereon, personally to Frank C. Graham, agent of said company, no chief officer being found."

The provision under which service was had is found in sec. 5044, Rev. Stat., and is as follows:

" A summons against a corporation may be served upon the president, mayor, chairman or president of the board of directors or trustees, or other chief officer ; or if its chief officer be not found in the county, upon its cashier, treasurer, secretary, clerk or managing agent."

It does not appear from the return that no chief officer *could* be found *in the county*; nor that service was had on a *managing* agent. If these were the facts, we think the return could be so amended as to show them. It is admitted that no chief officer could be found in the county ; but it is denied that Frank C. Graham was the *managing* agent of the company, and unless he was such agent the motion to set aside and quash the return was rightly sustained.

" Managing agent " has been defined to be " an agent having general supervision over the affairs of a corporation." Anderson's Law Dictionary; Upper Mississippi Transporation Co. v. Whittaker, 16 Wis., 233. It implies control of the business of a corporation or at least some part thereof. It was because of such control, exercised by an express agent over the local business of the company, that the Supreme Court held in American Express Co. v. Johnson, 17 Ohio St., 641, that he was a managing agent.

The testimony shows that Mr. Graham solicited orders for goods, and when a proposition was accepted he submitted it for approval by the defendant, and that the contract sued on, although negotiated by him, was finally closed by plaintiff and defendant.

It is true that the defendant in its letter of March 28, 1899, to Mr. Charles W. Baker, designates Mr. Graham as " our Cincinnati agent ; " but that is no more definite than the return itself, and there is no other testimony showing that he had control or supervision over the affairs of the defendant corporation or any portion thereof.

Judgment affirmed.